332

**OERLIKON MACHINE TOOL WORKS
BUEHRLE & CO.**

v.

**The UNITED STATES
No. 50229.**

United States Court of Claims.

May 8, 1957.

Shearman & Sterling & Wright, New York City, for plaintiff.

Charles C. Parlin, Robert L. Clare, Jr., and George W. Foley, New York City, were on the brief.

Bernard Wohlfert, Washington, D. C., with whom was Acting Asst. Atty. Gen., George S. Leonard, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before the court on motion of the defendant, filed January 17, 1957, to dismiss plaintiff's petition.

In an opinion announced January 8, 1952, the court granted defendant's motion to dismiss the petition, but on February 5, 1952 it vacated this order for the reasons stated in an opinion by a divided court, announced on February 5, 1952, 102 F.Supp. 417, 121 Ct.Cl. 616.

The former motion was based in part on the ground that plaintiff's cause of action was barred by the statute of limitations. The present motion is based upon the same ground.

In the opinion filed on January 8, 1952 we held that plaintiff's cause of action was barred three years after plaintiff's disability, arising from its inclusion on the "proclaimed list of certain blocked nationals", had been removed. In our opinion of February 5, 1952 we held that the statute of limitations was tolled during the period that the plaintiff was under legal disability to sue, by reason of the provisions of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., and the appearance of its name on the "proclaimed list of certain blocked nationals," and that this time was to be deducted in computing the six-year period after the accrual of its cause of action. Since it did not appear, we said, that the six years had expired before the petition was filed, we overruled defendant's motion to dismiss.

Our opinion of February 5, 1952 was based upon the holding of the court in Marcos v. United States, reported in 106 F.Supp. 172, 122 Ct.Cl. 641, one judge dissenting. Later, however, the court

decided the case of Compania Maritima v. United States, Ct.Cl., 145 F.Supp. 935, in which we held that plaintiff was required to institute its action within three years from the time the disability was removed, two judges dissenting.

We had previously decided the case of Soriano v. United States, 133 Ct.Cl. 971, on a different ground, but plaintiff in that case was fearful that the decision in the Compania Maritima case might be applied to his case, and asked the Supreme Court for permission to argue the limitation question. In Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306, the Supreme Court approved our holding in Compania Maritima v. United States, supra.

Plaintiff's petition in the instant case was filed on July 16, 1951. It is based in part on an alleged implied contract between plaintiff and the United States, acting through the Bureau of Ordnance of the Navy Department, for the furnishing of certain "know-how" in the manufacture of 20 millimeter cannon for the United States. As to this part of plaintiff's petition, we held in 118 Ct.Cl. 614 that no such contract was to be implied under the facts alleged.

Plaintiff also alleged in its petition that the United States, as assignee, assumed the obligations of the British Purchasing Commission under an implied contract between plaintiff and that Commission, and that under that contract plaintiff was entitled to a certain royalty, to be paid as the cannon and ammunition were manufactured. In so doing, it was alleged the United States was acting pursuant to the Lend-Lease Act, which was an Act for mutual assistance between America and its allies for the prosecution of World War II. This war ended on September 2, 1945. Presumably, no cannon and ammunition were manufactured thereafter on order of the United States for the benefit of the British Government. Any liability of the United States, as assignee of plaintiff's contract with the British Purchasing Commission, must have arisen before or shortly after September 2, 1945.

Plaintiff's name was taken off the "proclaimed list of blocked nationals" in July 1946, and after that time it had full recourse to this court. Any action which it may have had against the United States must have been filed no later than three years from that date. The petition was filed long thereafter.

Defendant's motion to reinstate our judgment of January 8, 1952, dismissing plaintiff's petition, is granted, and plaintiff's petition is accordingly dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.